UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NICOL JACKSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) No. 3:21-cv-00720 |
| v. | ) Judge Trauger |
| | ) |
| KINGDOM HALL OF JEHOVAH WITNESS, et al., | ) |
| | ) |
|    Defendants. | ) |

# MEMORANDUM

Plaintiff Nicol Jackson, an Illinois resident, filed a pro se personal injury complaint in diversity against defendants Kingdom Hall of Jehovah Witnesses[1] in Wallkill, New York; Kingdom Hall of Jehovah Witnesses in Tuxedo Park, New York; the Watchtower and Tract Society of Pennsylvania, located in Brooklyn, New York; and Kingdom Hall of Jehovah Witnesses in Paris, Tennessee.[2] (Doc. No. 1.) The plaintiff also filed an application to proceed in this court without prepaying fees and costs. (Doc. No. 2.) The case is before the court for a ruling on the application and initial review of the complaint.

**I.   Application for Leave to Proceed Without Paying Fees and Costs**

The court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). To determine if in forma pauperis status is appropriate, the court considers whether the

---

[1] The court utilizes the party names provided by the plaintiff in the complaint but takes judicial notice of publicly available sources that suggest the preferred term is "Jehovah's Witnesses." *See, e.g.*, jw.org/en/ ("official" Jehovah's Witnesses website).

[2] Under defendant Kingdom Hall of Jehovah Witnesses of Paris, Tennessee, the complaint lists five individual elders: Riddick, Manns, Abindante, Garcia, and Lamoureaux. (Doc. No. 1.) Although the complaint does not clearly identify these parties as individual defendants, the plaintiff's allegations suggest that she may intend to pursue individual claims against them. (*See id*. at 6-10.)

plaintiff demonstrates she is unable, due to poverty, to pay fees and costs "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (explaining that an application is sufficient if it establishes that a plaintiff cannot, because of poverty, afford to pay costs and still afford "the necessities of life"). The plaintiff, a fifty-year-old woman, has a small monthly income derived from disability insurance benefits and basic monthly expenses that roughly approximate her income. (Doc. No. 2 at 2-5.) In addition, the plaintiff reports no significant cash reserves, assets, or discretionary expenses. (*Id.*) It therefore appears that the plaintiff cannot pay the full civil filing fee in advance without undue hardship. Accordingly, the application will be granted.

**II.      Initial Review of the Complaint**

The court must conduct an initial review of the complaint and dismiss any action filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

**A.      Standard of Review**

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Even under this lenient standard, however, pro se plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure.

*Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *see also Brown v. Mastauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in h[er] pleading.").

In reviewing the complaint, the court applies the standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether the factual allegations "plausibly suggest an entitlement to relief," *Williams*, 631 F.3d at 383 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true "unwarranted factual inferences," *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

**B.     Analysis**

The complaint brings personal injury claims against the defendants arising from alleged childhood sexual abuse of the plaintiff by a Jehovah Witness elder. (Doc. No. 1.) Under the law of Illinois, where the plaintiff resides, an individual that suffered sexual abuse while under the age of eighteen may bring a private action for personal injury. *See* 735 Ill. Comp. Stat. Ann. 5/13-202, 5/13-202.2, 5/13-202.3. The detailed complaint alleges that a Tennessee-based Jehovah Witness elder sexually assaulted the plaintiff from 1985 to 1992, a period encompassing time before and after her eighteenth birthday; the defendant Paris, Tennessee Jehovah Witness Kingdom Hall was

3

aware of, tolerated, and failed to intervene or report sexual abuse of the plaintiff, thereby allowing the abuse to continue; the other supervisory Jehovah Witness defendants were aware of and tolerated sexual abuse and failed to protect the plaintiff from harm; and the sexual abuse caused the plaintiff long-lasting physical and psychological injuries. (*See* Doc. No. 1 at 6-10.) The plaintiff's allegations, although sometimes confusing, are substantial and adequate to put the defendants on notice of her claims. At this preliminary stage, therefore, the court finds that the plaintiff has stated colorable claims for personal injury caused by childhood sexual abuse. These claims may proceed for factual development.

Given the time frame of the plaintiff's allegations, the statute of limitations may be an issue in this case. In 1991, the Illinois Legislature amended Section 202.2 to increase the statute of limitations for childhood sexual abuse personal injury claims from two years to twenty years and incorporate the common-law discovery rule. *See* 735 Ill. Comp. Stat. Ann. 5/13-202.2; *Doe v. Hastert*, 133 N.E.3d 1249, 1255 (Ill. App. Ct. 2019). Since then, fact-dependent questions regarding timeliness of childhood sexual abuse claims have been routinely and extensively litigated in the Illinois courts. *See, e.g.*, *Presberry v. McMasters*, No. 2-20-0538, 2021 WL 2102622, at *6-7 (Ill. App. Ct. May 25, 2021); *Doe v. Soc'y of the Missionaries of the Sacred Heart*, No. 11-C-2518, 2012 WL 5499430 (N.D. Ill. Nov. 13, 2012). Here, the events described in plaintiff's allegations appear to fall on both sides of the change in statute of limitations. Furthermore, the plaintiff's allegations are complex and do not so clearly "show that relief is barred by the applicable statute of limitations" for the court to make a sua sponte timeliness determination at this early stage of the proceedings.[3] *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Doe*, 2012 WL 5499430, at *3.

---

[3] The statute of limitations remains an affirmative defense that may be raised at the appropriate time. *Surles*, 678 F.3d at 458; Fed. R. Civ. P. 8(c).

### III. Placement of the Complaint Under Seal

There is a "'strong presumption in favor of openness' as to court records." *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). Despite that presumption, however, the Court of Appeals for the Sixth Circuit has stated that "the name of a minor victim of a sexual assault" should be maintained in confidence, and is "typically enough to overcome the presumption of access." *Id.* (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)). The plaintiff, although no longer a minor, has submitted a complaint that alleges child sexual abuse in explicit detail. (*See* Doc. No. 1.) In addition, the complaint discusses the plaintiff's resulting physical and psychological injuries and certain confidential medical information. (*See id.*) Accordingly, the plaintiff may, if desired, submit a written motion requesting the sealing of the complaint to protect public disclosure of confidential and sensitive information.

### IV. Conclusion

For these reasons, the court concludes that the plaintiff has stated non-frivolous claims against the defendants under Illinois law for personal injury resulting from childhood sexual abuse. An appropriate order will enter.

Aleta A. Trauger
United States District Judge