UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| NICOL JACKSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | No. 3:21-cv-00720 |
| v. | ) | Judge Trauger |
|  | ) |  |
| KINGDOM HALL OF JEHOVAH WITNESS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

# ORDER

Plaintiff Nicol Jackson filed a pro se personal injury complaint against defendants Kingdom Hall of Jehovah Witnesses in Wallkill, New York; Kingdom Hall of Jehovah Witnesses in Tuxedo Park, New York; the Watchtower and Tract Society of Pennsylvania, located in Brooklyn, New York; and Kingdom Hall of Jehovah Witnesses in Paris, Tennessee. (Doc. No. 1.)

The plaintiff also filed an application to proceed in this court without prepaying fees and costs. (Doc. No. 2.) Because the plaintiff's application reflects that she lacks sufficient financial resources to pay the full filing fee in advance without undue hardship, it is **GRANTED**.

As explained in the accompanying memorandum, the court concludes that the plaintiff has stated colorable claims against the defendants under Illinois law for personal injury based on childhood sexual abuse. The court's determination that the complaint states colorable claims for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude the defendants from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

The court will direct the U.S. Marshals Service to serve the complaint, at no cost to the plaintiff, on Kingdom Hall of Jehovah Witnesses in Wallkill, New York; Kingdom Hall of Jehovah Witnesses in Tuxedo Park, New York; the Watchtower and Tract Society of Pennsylvania, located in Brooklyn, New York; and Kingdom Hall of Jehovah Witnesses in Paris, Tennessee. However, in order for the U.S. Marshals Service to serve these defendants, the plaintiff must complete and return two forms: "Process Receipt and Return" (AO 285) and "Summons in a Civil Action" (AO 440). These forms are together referred to as a "service packet." The Clerk is **DIRECTED** to send the plaintiff four service packets. The plaintiff **MUST** complete one service packet for <u>each</u> defendant, and return the <u>four</u> completed service packets to the Clerk's Office within **21 DAYS** of the date this order is entered on the docket. Upon return of the completed service packets, **PROCESS SHALL ISSUE**. The plaintiff is warned that failure to return the completed service packets within the required time period could jeopardize her prosecution of this action.

This action is **REFERRED** to the Magistrate Judge to oversee service of process, enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court. Rule 26(a)(1) of the Federal Rules of Civil Procedure, regarding required initial discovery disclosures, shall not apply.

The plaintiff is cautioned that she must keep the court informed of her current address at all times. Noncompliance may result in dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the Court's website. *See*

https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge