IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| NICOL JACKSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-01133-STA-jay |
| ) | Chief Judge Anderson |
| KINGDOM HALL OF JEHOVAH ) | Magistrate Judge York |
| WITNESS, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S
MOTION FOR CLARIFICATION AND MOTION TO EXTEND DEADLINE TO
RESPOND TO DEFENDANTS' MOTION TO DISMISS**

Defendants Watch Tower Bible and Tract Society of Pennsylvania ("WTPA"), Watchtower Bible and Tract Society of New York, Inc. ("WTNY"), and Paris TN Congregation of Jehovah's Witnesses (the "Paris Congregation") (collectively, "Defendants") submit this consolidated response to Plaintiff's recent motions seeking (i) an extension of her deadline to respond to Defendants' pending Motion to Dismiss, (ii) access to the Court's CM/ECF system; (iii) appointment of pro bono counsel, and (iv) "clarification" regarding historical residence information for several individuals associated with Defendants. (Docket Entry ("D.E.") 62, 63.) As discussed in more detail below, Defendants do not oppose a brief extension of the deadline for Plaintiff to respond to the Motion to Dismiss or Plaintiff's request for CM/ECF access. But the Court should not postpone ruling on the Motion to Dismiss based upon Plaintiff's request for the appointment of pro bono counsel, nor should it delay resolution based upon Plaintiff's request for certain historical residence information. No exceptional circumstances exist to appoint counsel in this civil case, and the historical residence of various individuals Plaintiff seems to contend are or

were at some point associated with some Defendant is entirely irrelevant. Finally, to the extent Plaintiff appears to mention for the first time a slander claim against one or more persons or entities (Plaintiff's allegations are vague and provide little detail), no such claim appears in the Amended Complaint, and regardless, no slander claim has been stated.

### I.  Defendants Do Not Oppose a Brief Extension to Respond to the Motion to Dismiss or Plaintiff's Request for Access to the Court's CM/ECF System.

Pursuant to Local Rule 12.1(b), Plaintiff's deadline to respond to the Motion to Dismiss was Friday, August 26, 2022. Plaintiff submitted her request for an extension of this deadline prior to its expiration. (D.E. 62.) Defendants do not oppose a brief extension.

In addition, to the extent Plaintiff has renewed her request for access to the electronic CM/ECF filing system (D.E. 62, 63), Defendants have no objection, assuming it is possible to grant Plaintiff CM/ECF access. (*See* D.E. 28, 29, 60.) *See also Non-Attorney Filers for CM/ECF*, PACER, https://pacer.uscourts.gov/register-account/non-attorney-filers-cmecf (last accessed Sep. 6, 2022) (providing instructions for non-attorneys to register for CM/ECF but noting that "[n]ot all courts accept non-attorney filers and some only accept specific types of non-attorney filers").

### II.  Defendants Submit that the Court Should Not Delay Ruling on the Motion to Dismiss.

Plaintiff requests the Court to delay ruling on the Motion to Dismiss. Her stated grounds are that she would prefer to have appointed pro bono counsel and that she wants to know where some persons resided in the past (i.e., their historical residence information). Defendants submit that the Court should not grant these requests for at least two reasons.

*First*, grounds for appointing pro bono counsel do not exist in this case. Defendants have previously briefed this issue twice and incorporate that briefing herein by reference. (*See* D.E. 21, 60.) In short, "the appointment of counsel in a civil proceeding is not a constitutional right."

*Watson v. Piccadilly Restaurants, LLC*, No. 11-2642-STA-CGC, 2012 WL 2681819, at *2 (W.D. Tenn. July 6, 2012) (Anderson, J.) (quoting *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003)). Instead, "[a]ppointment of counsel in a civil case 'is a privilege that is justified only by exceptional circumstances.'" *Millhouse v. Jones*, No. 20-5300, 2021 WL 1063196, at *4 (6th Cir. Jan. 6, 2021) (order) (quoting *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)). Plaintiff does not argue that exceptional circumstances exist in this case. (*See* D.E. 62, PageID 57.) The reasons that Plaintiff requests pro bono counsel—i.e., her lack of legal training and her belief in the merits of her claims—are present in essentially every *pro se* case and are not exceptional circumstances. Furthermore, Plaintiff has not made any showing that she has attempted to secure counsel in this case. *See Pratcher v. McCollum*, No. 16-2725-STA-EGB, 2017 WL 2455179, at *1 (W.D. Tenn. June 6, 2017) (Anderson, J.) (noting that this Court considers a "*pro se* litigant's prior efforts to retain counsel" in determining whether to appoint counsel in a civil case). Finally, regardless of whether pro bono counsel is appointed, this case lacks merit because, as explained in Defendants' Motion to Dismiss and the related briefing, it is time-barred on its face. *See Iqbal v. Pinnacle Airlines, Inc.*, No. 09-2815-STA/DKV, 2010 WL 11678239, at *1 (W.D. Tenn. Aug. 5, 2010) (Anderson, J.) ("As a general rule, counsel should be appointed in civil cases only if a litigant has made 'a threshold showing of some likelihood of merit.'" (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989))).

*Second*, the residence information Plaintiff requests is entirely irrelevant to this case and has, in large part, already been provided by Defendants. Plaintiff asks the Court to require Defendants to provide historical residence information for Robert Ciranko and Hernan Steele (the individuals who submitted declarations on behalf of WTPA and WTNY) and for persons who she claims were Elders of the Paris Congregation at some point over the past 3+ decades. This

4878-1768-7857

3

information not only is irrelevant as to whether the statute of limitations has run on Plaintiff's claims in this case, but has also already largely been provided to Plaintiff.

Plaintiff says she wants historical residence information in order to determine whether she "may ask for a transfer of this case back to" the Middle District of Tennessee (D.E. 63, PageID 58). This case was transferred to the Western District—a transfer that *was not opposed by Plaintiff*—pursuant to 28 U.S.C. § 1404(a) based on the convenience of the parties and witnesses, and the consent of the parties. (D.E. 51.) Plaintiff acknowledges in her filings that she "understood" that "none of the defendants resided in Nashville," and "as long as no defendant lives in that County or City it was more convenient by law to move the case for the defendants." (D.E. 63, PageID 58.) The information requested by Plaintiff about where certain individuals may have lived in the past is irrelevant. Plaintiff's musing about a "transfer" is now moot.

Moreover, Defendants have *already provided* much of the information Plaintiff requests. While Defendants' Motion to Transfer Venue was pending, Plaintiff emailed counsel for Defendants and requested historical residence information for Mr. Ciranko and Mr. Steele. On June 3, 2022, Defendants' counsel responded to Plaintiff and confirmed that Mr. Ciranko and Mr. Steele both live in New York and have never lived in Tennessee.[1] Of course, Defendants were under no obligation to provide this information in response to Plaintiff's email, but they did so as a courtesy. Plaintiff filed a response confirming that she did not oppose transfer on June 8, 2022. (D.E. 50.) At that time, Plaintiff did not request any information related to the historical residence of any of the persons she says are or were Elders of the Paris Congregation. Again, as a courtesy, Defendants have searched their records for this information. For the individuals Defendants have

---

[1] A copy of these email communications is attached hereto as **Exhibit 1**.

4878-1768-7857

4

been able to identify, Defendants' records do not reflect that any have ever lived in the area covered by the Middle District of Tennessee.

For these reasons, the Court should not delay ruling on the Motion to Dismiss other than allowing Plaintiff a brief extension of time to respond.

### III.     Plaintiff Has Failed to State a Claim for Slander.

In her recent filings, Plaintiff purports to raise a new claim against Defendants for slander, based upon statements allegedly made years ago to her about her uncle. This claim does not exist in the Amended Complaint. Even if such a cause of action had been pleaded, it would fail for at least two reasons.

First, the thrust of Plaintiff's argument is that one or more individuals supposedly associated with Defendants made statements in 2020 (or earlier) about **Plaintiff's uncle** that Plaintiff believes were not true. (*See* D.E. 63, PageID 59.) Even if that were accurate, Plaintiff has not alleged that *she* was defamed or that *her* reputation was harmed in any way. *See Davis v. Covenant Presbyterian Church of Nashville*, No. M201402400COAR9CV, 2015 WL 5766685, at *3 (Tenn. Ct. App. Sept. 30, 2015) (noting that, to be actionable, an alleged defamatory statement "must constitute a serious threat to the plaintiff's reputation" (quoting *Davis v. Tennessean*, 83 S.W.3d 125, 128 (Tenn. Ct. App. 2001))).

Second, the statute of limitations for slander is six months, and this period is not extended by the "discovery rule." *See* Tenn. Code Ann. § 28-3-103 ("Actions for slanderous words spoken shall be commenced within six (6) months after the words are uttered."); *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 822 (Tenn. 1994) ("[W]e conclude that the discovery rule does not apply to Tennessee's slander statute of limitations."). Plaintiff has claimed that the statements at issue were made in 2020 or earlier. (D.E. 63, PageID 59.) Plaintiff filed this lawsuit

in September 2021, well after the limitations period for any statement made in 2020 (or earlier) expired.

## CONCLUSION

Defendants respectfully request that the Court proceed to consider their Motion to Dismiss after allowing Plaintiff a brief extension of her deadline to respond.

> Respectfully submitted,
>
> s/ Robb S. Harvey
> Robb S. Harvey (Tenn. BPR No. 11519)
> Michael A. Cottone (Tenn. BPR No. 33253)
> WALLER LANSDEN DORTCH & DAVIS, LLP
> 511 Union Street, Suite 2700
> Nashville, Tennessee  37219
> (615) 244-6380
> robb.harvey@wallerlaw.com
> michael.cottone@wallerlaw.com
>
> *Counsel for Defendants Watch Tower Bible and Tract Society of Pennsylvania, Watchtower Bible and Tract Society of New York, Inc., and Paris TN Congregation of Jehovah's Witnesses*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed using the Court's CM/ECF System on September 6, 2022.  Since Plaintiff does not yet have access to the Court's CM/ECF System, the undersigned will ask his team members to send a copy of this submission via email and via first-class U.S. Mail, postage pre-paid, upon Plaintiff:

Nicol Jackson
809 S Kedvale
Chicago, Illinois  60624
msnicoltjackson@gmail.com

> s/ Robb S. Harvey

4878-1768-7857