IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

NICOL JACKSON,

    Plaintiff,

v.                                          No. 1:22-cv-01133-STA-jay

KINGDOM HALL OF JEHOVAH
WITNESS, et al.,

    Defendants.

## ORDER

Before the Court are Plaintiff's various motions, including: Motion to be Heard on Request to Utilize Court Appointed Pro-Se Counsel, Court Electronic Filing System, and Amended Jury by Demand Submitted through Western TN Civil Court [D.E. 55], Amended Motion to Jury Trial [D.E. 56], Motion to Have Interrogatories Answered [D.E. 57], Motion to Extend the Response Time to Dismissing My Case [D.E. 62], and Motion for Clarification [D.E. 63]. Pursuant to Administrative Order 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

<u>Motion to be Heard on Request to Utilize Court Appointed Pro-Se Counsel,
Court Electronic Filing System, and
Amended Jury by Demand Submitted through Western TN Civil Court [D.E. 55]</u>

Plaintiff first asks the Court for an appointment of counsel. Pursuant to 28 U.S.C. § 1915(e)(1), '[t]he court may request an attorney to represent any person unable to afford counsel." However, it is long-established that the appointment of counsel in a civil proceeding is not a constitutional right. *See Watson v. Piccadilly Restaurants, LLC*, No. 11-2642-STA-cgc, 2012 WL

2681819, at *2 (W.D. Tenn. July 6, 2012) (Anderson, J.) (collecting cases). "Appointment of counsel in a civil case 'is a privilege that is justified only by exceptional circumstances.'" *Millhouse v. Jones*, No. 20-5300, 2021 WL 1063196, at *4 (6th Cir. Jan. 6, 2021) (quoting *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)). This is a fact-specific inquiry, and a court is to consider the merits and complexity of the case, the pro se litigant's efforts to retain counsel, and the Plaintiff's ability to represent his or herself, in determining whether "exceptional circumstances" exist. *Pratcher v. McCollum*, No. 16-2725-STA-egb, 2017 WL 2455179, at *1 (W.D. Tenn. June 6, 2017); *Ware v. Tennessee*, No. 17-1088-STA-egb, 2018 WL 3199463, at *1 (W.D. Tenn. June 29, 2018) (quoting *Lavado*, 992 F.2d at 606).

Here, Plaintiff has not satisfied her burden of demonstrating that appointment of counsel would be appropriate in this case. Nothing in Plaintiff's submission distinguishes this case from numerous other lawsuits filed by *pro se* litigants who are untrained in the law. Plaintiff's claims are not unduly complex. Plaintiff has clearly demonstrated an ability to represent herself in filing and responding to various motions. *Millhouse v. Jones*, No. 20-5300, 2021 WL 1063196, at *4 (6th Cir. Jan. 6, 2021). Finally, as Defendants note, "Plaintiff has not made any showing or even alleged that she has attempted to secure counsel in this case. Instead, she concedes that she 'opened [this] case without counsel because [she] knew [she] had that right . . . .'" [D.E. 60 at 3 quoting D.E. 55]. For these reasons, the request to appoint counsel is DENIED.

Plaintiff next asks the Court to allow her to utilize the Court's Electronic Filing System. Plaintiff argues that the postal service is not dependable in Chicago, Illinois, where she resides. Local Rule 5.2 addresses non-electronic filing for pro se parties. The rules states that "if a party is exempt from Electronic Case Filing (ECF) by virtue of the Court's ECF Manual (APPENDIX A) or by Order of the Court, the original of all pleadings and papers (including memoranda of law) to

be filed, other than proposed orders, shall be filed with the Clerk." Section 3.3 of the Court's ECF Manual states that "a party who is not represented by an attorney shall file papers in the traditional filing method either by personal delivery to the clerk's office or via mail." Plaintiff has not represented that she is a member of the Western District Court Bar representing herself in this case. Therefore, as a pro se party, she is exempt from electronic filing of documents and must file documents with the Court as designated by the Local Rules. The Motion is DENIED.

<u>Amended Motion to Jury Trial [D.E. 56]</u>

Plaintiff's demand for a jury trial has been noted on her Complaint. [D.E. 1]. Should this matter proceed to that point, a jury trial will be set. No other action is required and therefore this Motion is DENIED as moot.

<u>Motion to Have Interrogatories Answered [D.E. 57]</u>

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Defendants have a Motion to Dismiss pending with this Court. Discovery in this case, including Plaintiff's interrogatories, is STAYED until this dispositive motion is ruled on and a scheduling order is entered in this case.

<u>Motion to Extend the Response Time to Dismissing My Case [D.E. 62]</u>

Pursuant to Local Rule 12.1(b), Plaintiff's deadline to respond to the Motion to Dismiss was Friday, August 26, 2022. Plaintiff submitted her request for an extension of this deadline prior to its expiration. (D.E. 62.) Defendants do not oppose a brief extension. Typically, the Court would not allow more than three months past the deadline, however in this case, pro se Plaintiff was likely waiting for a ruling on her Motion to Appoint Counsel and, given this particular set of circumstances, the Court GRANTS Plaintiff's Motion to Extend Response Time to give Plaintiff

until January 15, 2023, to file any response to Defendants' Motion to Dismiss. Should Defendants determine a Reply is necessary, that Reply should be filed by January 25, 2023.

<u>Motion for Clarification [D.E. 63]</u>

This Motion seeks to revisit the prior transfer of venue, seeks discovery, impermissibly seeks legal advice from the Court, and contains some additional statements and/or allegations, the purpose of which is unclear to this Court. The Court cannot give legal advice to litigants and this Motion, therefore, is DENIED.

IT IS SO ORDERED on this 1st day of December, 2022.

<u>s/Jon A. York</u>
JON A. YORK
UNITED STATES MAGISTRATE JUDGE
