IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

NICOL JACKSON,

   Plaintiff,

vs.                                                       No. 1:22-cv-01133-STA-jay

KINGDOM HALL OF
JEHOVAH WITNESS, et al,

   Defendants.

---

## REPORT AND RECOMMENDATION
---

On September 15, 2021, Plaintiff Nicol Jackson brought this action against Defendants Kingdom Hall of Jehovah Witness (New York), Watchtower and Tract Society of Pennsylvania, Kingdom Hall of Jehovah Witness Elders (Paris, Tennessee), and Watchtower Bible Tract Society of New York Inc., NY. ECF No. 1. This case was filed in the Middle District of Tennessee and later transferred to the Western District of Tennessee on June 16, 2022. ECF No. 51. As Plaintiff is proceeding pro se, this case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

Defendants filed the instant Motion to Dismiss on July 29, 2022. ECF No. 61. Plaintiff filed a Response on February 7, 2023[1], and Defendants filed a Reply on February 10, 2023. ECF

---

[1] Plaintiff's deadline to file a Response to Defendants' Motion to Dismiss was extended to February 1, 2023. ECF No. 68. While the Court is under no obligation to consider Plaintiff's late-filed Response, the Court will nonetheless consider the arguments Plaintiff raises in her Response.

Nos. 69-70. For the reasons that follow, the Court **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED**.

## BACKGROUND

Plaintiff alleges that between 1979 to 1992, while she was a minor and a young adult, her uncle, who was an Elder in the Jehovah Witnesses Paris, Tennessee congregation, sexually assaulted and abused her. ECF No. 39 at 4; ECF No. 40 at 1; ECF No. 40-1 at 3; ECF No. 40-1 at 2. Plaintiff claims that her uncle confessed his abuse to other elders of the Church[2] and that those elders failed to report his criminal conduct to authorities, failed to inform Plaintiff's adult family members of the abuse, and failed to include her uncle in a Church database of alleged offenders. ECF No. 39 at 4; ECF No. 40-1 at 3. Plaintiff also alleges that the Church had a "protocol" whereby the Church "does not endorse informing local authorities of child sexual assault but abides by its own [process] for investigation . . . ." ECF No. 39 at 4; ECF No. 40-1 at 3. According to Plaintiff, the Jehovah Witnesses' New York "office controls all allegations of [s]exual abuse," and "[members] have been instructed not to report rape, molestation, or assault to law enforcement or child protective services." ECF No. 40-1 at 3.

Plaintiff asserts a negligence claim[3] against the other Elders in the congregation of Jehovah Witnesses in Paris, Tennessee, along with several other Church entities, alleging that the Church's sexual abuse protocol failed to protect her from the abuse she alleges to have suffered. ECF No. 39 at 4; ECF No. 40 at 2. Invoking this Court's diversity jurisdiction, Plaintiff seeks $20,000,000.00 in damages. ECF No. 39 at 4.

---

[2] The Court will refer to Defendants collectively as "the Church," although the Court is aware that these entities may not have a hierarchical structure such that one Defendant's conduct may be imputed to the rest of the Defendants listed in the Complaint.

[3] In her Response to Defendants' Motion to Dismiss, Plaintiff alleges that she also asserted a slander claim in her Amended Complaint filed on April 11, 2022. *See* ECF No. 69 at 1; *see also* ECF Nos. 39-40. Defendants dispute that Plaintiff alleged such a claim. ECF No. 70.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to file a motion with the court to dismiss those actions where there is a "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In assessing whether the Complaint in this case states a claim on which relief may be granted, the court applies the standards as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A complaint must "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to the plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted) (alteration in original)). Important in this case, the court should grant a motion to dismiss

for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) where the statute of limitations has expired. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

## ANALYSIS

Defendants move the Court to dismiss this negligence action, arising from conduct that is alleged to have occurred over 30 years ago, on the ground that the applicable statute of limitations has expired. Plaintiff, in essence, argues that the statute of limitations should be tolled as she only became aware in March of 2021 that the Church took no action against her uncle. ECF No. 69. Plaintiff contends that this action is timely because she filed her Complaint in September 2021—approximately six months after she alleges she became aware of the Church's apparent inaction. *Id.* Plaintiff's argument in unpersuasive.

    A.    <u>Plaintiff's claim is subject to a one-year statute of limitations.</u>

Jurisdiction in this case is based upon diversity of the parties, accordingly, the Court will apply "the choice-of-law rules of the forum state." *Muncie Power Prod. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (internal citations omitted). The Court looks to Tennessee law to determine what substantive law governs Plaintiff's claims of negligence. Tennessee follows the most significant relationship test for tort causes of action. *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992); *see also McKinnie v. Lundell Mfg. Co.*, 825 F. Supp. 834, 835 (W.D. Tenn. 1993). Thus, under Tennessee law for a personal injury action, "choice of law is governed by the law of the state where the injury occurs unless 'some other state has a more significant relationship . . . to the occurrence and the parties.'" *McKinnie*, 825 F. Supp. at 835 (quoting *Hataway*, 830 S.W.2d at 59) (alterations in original). In determining whether another state has a more significant relationship, the Court looks to: interstate system needs; forum policies and the policies of other interested states; the justified expectations of the parties; basic policies of that

4

field of law; "certainty, predictability, and uniformity of result;" and the difficulty in determining which law to apply. *Burns v. Taurus Int'l Mfg.*, 826 Fed. Appx. 496, 500 (6th Cir. 2020) (quoting *Hataway*, 830 S.W.2d at 59 n.3).

Here, Plaintiff's Complaint alleges that her uncle's abuse all took place in the state of Tennessee. ECF No. 40 at 2-3. Therefore, the presumption is that the law of Tennessee will apply, unless another forum's relationship is more significant. *McKinnie*, 825 F. Supp. at 835. Although Plaintiff is now a resident of Illinois and there are Defendants from New York and Pennsylvania, those Defendants that allegedly had first-hand knowledge of the abuse are leaders of the Church located in Tennessee. ECF No. 39 at 1-3. Moreover, the alleged negligence in not reporting Plaintiff's abuse to authorities took place in Tennessee. ECF No. 39 at 4. It does not appear to the Court that the interests of New York, Illinois, or Pennsylvania are more significant than those of Tennessee. Thus, the law of Tennessee will govern this action.

The statute of limitations to bring a negligence claim for personal injury in Tennessee is one year. TENN. CODE ANN. § 28-3-104(a)(1)(A). Where a party is a minor at the time the injury occurred, that party has three years to bring their claim after reaching the age of majority. TENN. CODE ANN. § 28-1-106(a). Additionally, a recent Tennessee statute provides that a party who was abused as a minor has three years after the discovery of their abuse to bring a claim, so long as the abuse was before July 1, 2019. TENN. CODE ANN. § 28-3-116(b)(1).

  B. <u>Plaintiff's claim accrued at the time of her alleged abuse.</u>

When bringing a state law claim in federal court, state law also determines the accrual date for the injury. *Runkle v. Fleming*, 558 Fed. Appx. 628, 635 (6th Cir. 2014). The Tennessee Supreme Court stated in *Redwing v. Catholic Bishop for the Diocese of Memphis* that "a cause of action accrues and the statute of limitations begins to run not only when the plaintiff has actual

5

knowledge of a claim, but also when the plaintiff has actual knowledge of 'facts sufficient to put a reasonable person on notice that he [or she] has suffered an injury as a result of wrongful conduct.'" 363 S.W.3d 436, 459 (Tenn. 2012) (quoting *Carvell v. Bottoms*, 900 S.W.2d 23, 29 (Tenn. 1995) (alterations in original)). This holding recognizes that the "cause of action generally accrues when the tort is complete and injury to the plaintiff has occurred." *Hunter v. Brown*, 955 S.W.2d 49, 51 (Tenn. 1997) (citing *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487, 489-90 (Tenn. 1975)).

However, Tennessee applies the discovery rule when it comes to the accrual of certain injuries that may not be known or knowable to a plaintiff at the time they occur. *Hunter*, 955 S.W.2d at 51. "In certain tort actions . . . the accrual of the cause of action is deferred until the injury is discovered or in the exercise of reasonable care and diligence, the injury should have been discovered." *Id*. In the context of abuse, the injury accrues when the plaintiff knows they have been injured and knows the identity of the abuser. *Id*.; *see also Jane Doe A v. Coffee County Bd. Of Educ.*, 852 S.W. 2d 899, 904 (Tenn. Ct. App. 1992).

The first issue is when Plaintiff's claim of negligence against the various church entities accrued. Throughout Plaintiff's Amended Complaint, it is apparent that she knew she was being abused at the time the abuse took place. This is tragically evidenced in her statement that she "had 2 little sisters to protect" from her uncle. ECF No. 40-1 at 3. The question though is not about when Plaintiff's potential claims against her non-party uncle may have accrued, but when her claims of negligence against the Church Defendants accrued. Determining the accrual date of her cause of action requires analysis of what the church knew, when the church knew it, and when Plaintiff was on notice of a potential claim against Defendants.

Plaintiff claims that various church elders knew of her uncle's alleged conduct as early as

6

1985. ECF No. 40-1 at 6. Moreover, Plaintiff complains that he allegedly confessed twice to these elders. ECF No. 40-1 at 2. Taking these claims as true, it appears at least some of the Defendants were aware of the alleged abuse. But Tennessee law is clear on this issue: whether Plaintiff had actual knowledge of the church's awareness is not the only inquiry in deciding when the statute of limitations began to run. Instead, the question is whether a "reasonable person in such circumstances . . . should have discovered [her] actions against the [church] before expiration of its statute of limitations." *C.S. v. Diocese of Nashville*, 2009 Tenn. App. LEXIS 582, *9-10 (Tenn. Ct. App. 2008); *see also Doe v. Catholic Bishop for the Diocese of Memphis*, 306 S.W.3d 712, 725-26 (Tenn. Ct. App. 2008). Thus, Plaintiff did not need actual knowledge of the church's breach of duty to her.[4] She only needed to know some "facts sufficient to put a reasonable person on notice." *Redwing*, 363 S.W.3d at 459 (internal quotation omitted). Because Plaintiff knew that she was being abused, knew who her abuser was, and knew that he was an elder in the church, she was on "inquiry notice" of her claims against the Defendants when the abuse took place. *Doe*, 306, S.W.3d at 725*; see also Jane Doe A*, 852 S.W.2d at 904.

The most generous limitations period the Court can apply is that found in TENN. CODE ANN. § 28-1-106(a). This limitations window afforded Plaintiff three years after turning eighteen to bring her claim. TENN. CODE ANN. § 28-1-106(a). Because she was a minor at the time the injury occurred, she was at least on inquiry notice regarding her claims against the church entities. *Redwing*, 363 S.W.3d at 459. Therefore, the limitations period began to run on Plaintiff's eighteenth birthday, and it lasted for three years. TENN. CODE ANN. § 28-1-106(a).

Plaintiff claims she was eight years old in 1979. ECF No. 40-1 at 3. Therefore, she reached

---

[4] The Court need not reach the issue of whether the church had any duty to Plaintiff given that the statute of limitations is a bar to Plaintiff's claims in their entirety, but assumes a duty here *arguendo*.

7

the age of eighteen in approximately 1989-90 (depending on her birthdate). That means Plaintiff had until approximately 1992-93 to bring her claim against the church entities.

The expiration of the limitations window would also be 1993 when applying the one-year statute of limitations provided for in TENN. CODE ANN. § 28-3-104(a)(1)(A). Again, because Plaintiff knew she was being abused, the statute of limitations began to run at the time of the abuse. And in this case, the last act of abuse was allegedly attempted rape in 1992. ECF No. 39 at 4. A one-year window after that event would again place the expiration of the statute of limitations sometime in 1993.

Assuming that Plaintiff could avail herself of the three-year statutory window provided in TENN. CODE ANN. § 28-3-116(b)(1), the window to bring her claims would have closed sometime in 1995. Again, this is taking the last act of abuse in 1992 and providing Plaintiff three years from that event. This, of course, is because Plaintiff knew at the time of the attempted rape that she was being abused. Therefore, the "discovery" of the abuse and the actual abuse would have occurred on the same date as outlined in TENN. CODE ANN. § 28-3-116(b)(1).

Plaintiff did not file the instant action until September 15, 2021. ECF No. 1. Under any application of the available statutory limitations period, her suit is over twenty-five years late.[5]

C.   The statute of limitations is not tolled.

In some situations, a plaintiff may be able to avoid dismissal due to a statute of limitations problem where there is a tolling mechanism available that delays the running of the statute of

---

[5] Assuming, arguendo, that Plaintiff did plead a slander claim, such a claim is also time-barred. Slander claims are subject to a six-month statute of limitations under Tennessee law. TENN. CODE ANN. § 28-3-103. The purported slander claim arises from an alleged conversation that Plaintiff had with Pierre Lamareaux of the Paris, Tennessee Jehovah's Witness congregation. In her response to Defendants' Motion to Dismiss, Plaintiff states this alleged conversation occurred in March of 2021, however, in her Motion for Clarification she states that the alleged conversation occurred in 2020. *See* ECF Nos. 63, 69. As these alleged dates were not contained in her Amended Complaint, the Court will not consider these allegations that were set forth only in her Response to Defendants' Motion to Dismiss or her Motion for Clarification. *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020).

limitations. *Redwing*, 363 S.W.3d at 460. Federal courts sitting in diversity will apply the forum state's tolling provisions just as federal courts apply statutes of limitations. *Bishop v. Children's Ctr. for Dev. Enrichment*, 618 F.3d 533, 537 (6th Cir. 2010) ("When the statute of limitations is borrowed from state law, so too are the state's tolling provisions . . . .").

Tennessee law recognizes equitable estoppel and fraudulent concealment. *Redwing*, 363 S.W.3d at 460. The party attempting to invoke the tolling mechanism has the burden of proof. *Id*.; *see also Chunn v. Southeast Logistics, Inc*., 794 Fed. Appx. 475, 477 (6th Cir. 2019). Equitable estoppel requires a plaintiff to "demonstrate that the defendant induced him or her to put off filing suit by identifying specific promises, inducements, suggestions, representations, assurances or other similar conduct by the defendant that . . . would induce the plaintiff to delay filing suit." *Redwing*, 363 S.W. 3d at 460 (internal citations omitted). The plaintiff must also establish that the delay was "not attributable to [his or her] own lack of diligence." *Id*. (quoting *Hardcastle v. Harris*, 170 S.W.3d 67, 85 (Tenn. Ct. App. 2004 (alteration in original)). Tennessee courts have applied equitable estoppel in situations where:

> (1) when a defendant promises not to assert a statute of limitations defense, (2) when a defendant promises to pay or otherwise satisfy the plaintiff's claim without requiring the plaintiff to file suit, and (3) when a defendant promises to settle a claim without litigation following the conclusion of another proceeding between the defendant and a third party.

*Id*.

In Tennessee, fraudulent concealment may toll the running of the statute of limitations where "the defendant has taken steps to prevent the plaintiff from discovering he [or she] was injured." *Id*. at 462 (quoting *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 146 (Tenn. 2001) (alteration in original)). There are four elements a plaintiff must prove in order to successfully invoke the doctrine of fraudulent concealment. *Id*. First, the defendant "affirmatively concealed the plaintiff's

9

injury or the identity of the wrongdoer or failed to disclose material facts regarding the injury or the wrongdoer despite a duty to do so." *Id*. at 462-63. Second, the plaintiff "could not have discovered the injury or the identity of the wrongdoer despite reasonable care and diligence." *Id*. at 463. Third, "the defendant knew that the plaintiff had been injured and the identity of the wrongdoer." *Id*. Fourth, and finally, that "the defendant concealed material information from the plaintiff by 'withholding information or making use of some device to mislead' the plaintiff in order to exclude suspicion or prevent inquiry.'" *Id*. (quoting *Shadrick v. Coker*, 963 S.W.2d 726, 735 (Tenn. 1998)).

Plaintiff has failed to assert sufficient facts to carry her burden in asserting either tolling doctrine. As it relates to equitable tolling, Plaintiff has not included any information that would go to show Defendants listed in her Amended Complaint induced her into not filing suit within the statute of limitations period. Plaintiff seemed to believe that her uncle had been removed from the church, but in fact he was not. ECF No. 40-1 at 5-6. But at no point did Plaintiff indicate that Defendants told her he *would* be removed from the church if she did not file a lawsuit against them. Plaintiff provides nothing upon which the Court could find equitable tolling in this case.

As to fraudulent concealment, again, Plaintiff fails to carry her burden. At the outset, there are no facts to support that these Defendants did or said anything to conceal or hide Plaintiff's injuries from her. Again, Plaintiff appears to have been aware at the time the injuries occurred that she was being abused. Thus, as to the first element, Plaintiff cannot succeed. As to the second element, Plaintiff knew her uncle was her abuser and knew he was a member of the church. Thus, she cannot succeed on the lack of knowledge requirement. Third, while Plaintiff has asserted that her uncle "confessed" to church elders in 1985, it remains unclear exactly what he confessed. ECF No. 40-1 at 6. Plaintiff states in her Amended Complaint that a church elder she spoke with on the

phone denied her uncle confessing to rape, sodomy, and oral sex. ECF No. 40-1 at 5. Therefore, the Court cannot find that Defendants named in this lawsuit knew of Plaintiff's injuries at the time they occurred. Finally, there are no allegations that Defendants concealed Plaintiff's injuries or attempted to do so. Thus, she cannot rely on fraudulent concealment to toll the statute of limitations.

## CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT Defendants' Motion to Dismiss and DISMISS this matter WITH PREJUDICE. In addition, the Court should DISMISS AS MOOT Plaintiff's pending Motion to Have Interrogatories Answered. ECF No. 57.

Respectfully submitted this 1st day of March, 2023.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**